**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DARIO DZANANOVIC, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21-cv-06925 |
| v. | ) ) | Hon. Andrea R. Wood |
| BUMBLE, INC. and BUZZ HOLDINGS, L.P. | ) ) | Mag. M. David Weisman |
| Defendants. | ) ) | |

**DEFENDANTS BUMBLE INC. AND BUZZ HOLDINGS L.P.'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I.  INTRODUCTION ........................................................................................................1

II. STATEMENT OF FACTS ..........................................................................................2

    A.    Defendants Have No Involvement With the Bumble App.....................................2

    B.    Plaintiff Alleges That the Bumble App is Global in Nature, Not Specifically Targeted to Illinois..............................................................................3

III. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ..............4

    A.    There Is No General Jurisdiction Over Defendants................................................4

    B.    There Is No Specific Jurisdiction Over Defendants ...............................................7

        1.    Defendants do not operate the Bumble app................................................7

        2.    Even if Defendants operated the Bumble app, Plaintiff still could not establish specific jurisdiction ..............................................................8

IV. CONCLUSION ..........................................................................................................13

I. **INTRODUCTION**

Plaintiff has improperly sued Defendants Bumble Inc. ("Bumble") and Buzz Holdings L.P. ("Buzz Holdings") who are not subject to personal jurisdiction in this Court. Not only are both Defendants based in Austin, Texas, they are also holding companies that conduct no operating business and have no involvement with the Bumble app at the center of Plaintiff's complaint. For several reasons, jurisdiction over Defendants is not appropriate under traditional measures of due process.[1]

*First*, as to general jurisdiction, as non-resident Defendants, Bumble and Buzz Holdings do not have "substantial" or "continuous and systematic" contacts with Illinois. Bumble is incorporated under the laws of Delaware, and Buzz Holdings is a Delaware limited partnership with no partners that are citizens of Illinois. They have no principal place of business in this state. Nor do they have any offices, officers, or employees here. In short, Defendants do not have forum contacts that are "so constant and pervasive as to render [them] essentially at home in" Illinois. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citation omitted).

*Second*, as to specific jurisdiction, Plaintiff's allegations about Defendants' business activities in Illinois are factually inaccurate, and therefore cannot form the basis for jurisdiction. Plaintiff has sued two holding companies that do not conduct any operating business, including owning, operating, or controlling the Bumble app. Accordingly, Plaintiff's claim, which relates to the app's purported collection of his biometric information, cannot arise out of any conduct— much less Illinois-related conduct—by Defendants.

---

[1] Defendants are appearing specially and solely to contest personal jurisdiction. In doing so, Defendants are not entering any general appearance or otherwise consenting to the jurisdiction of this Court in this matter.

*Finally*, even if Defendants owned, operated, or controlled the Bumble app (they do not), Plaintiff fails to allege any suit-related conduct that specifically targeted Illinois. Instead, Plaintiff's allegations demonstrate that the app is a global app with only a small fraction of its users residing in Illinois. Moreover, the photo verification feature at the center of this case is available to all Bumble app users, not just individuals in Illinois. Through these allegations, Plaintiff tacitly concedes that the Bumble app was *not* expressly aimed at Illinois. Plaintiff therefore could not establish specific jurisdiction over any Defendant.

That leaves no basis for exercising personal jurisdiction over Defendants in this case, and Plaintiff's claims therefore should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.   STATEMENT OF FACTS[2]

Plaintiff brings this putative class action alleging a single cause of action for purported violations of the Illinois Biometric Information Privacy Act ("BIPA") arising out of his alleged use of a dating application called Bumble. (ECF No. 1-1, Ex. A ("Compl.") ¶¶ 78-83.) Plaintiff claims that the Bumble app scans users' facial geometry if they use an optional photo verification feature, and that the Bumble app collects other information about users and their devices when they create and use their account. (*Id.* ¶¶ 6, 35-40.)

### A.   Defendants Have No Involvement With the Bumble App

Defendants Bumble and Buzz Holdings have no involvement with the Bumble app, which is the focus of this lawsuit. Neither Defendant designed the Bumble app, operates or

---

[2] Defendants dispute many of the allegations in the Complaint. But for purposes of this motion, Defendants accept any well-pleaded factual allegations as true, except for ones that are contradicted by facts set forth in the Declaration of Christopher Rosas ("Rosas Decl."). *See Faith Freight Forwarding Corp. v. Ruiz*, No. 95 C 7560, 1997 WL 159207, at *1 (N.D. Ill. Mar. 24, 1997) (allegations that are contradicted by affidavits are not accepted as true on a motion to dismiss for lack of personal jurisdiction).

controls the app (now or in the past), or collects or stores data from the app, including biometric information like the purported facial geometry scan that occurs when a user opts into the photo verification feature. (Rosas Decl. ¶¶ 10-11.) Likewise, neither Defendant markets or advertises the Bumble app or generates any revenue from the app in Illinois (or elsewhere). (*Id.* ¶¶ 9-10.)

Instead, both Defendants are holding companies that have no employees in Illinois and conduct no operating business anywhere—let alone in Illinois. (*Id.* ¶¶ 5, 7.) Defendant Bumble is incorporated under the laws of Delaware. (*Id.* ¶ 3.) Defendant Buzz Holdings is a Delaware limited partnership with no partners that are citizens of Illinois. (*Id.* ¶ 4.) To the extent either entity has a principal place of business, it is in Texas, where the companies' offices and headquarters are located. (*Id.* ¶¶ 3-4.) In sum, Defendants have no place in this lawsuit and cannot be subject to personal jurisdiction in Illinois as to Plaintiff's claims.

### B. Plaintiff Alleges That the Bumble App is Global in Nature, Not Specifically Targeted to Illinois

Plaintiff's own allegations demonstrate that the Bumble app is global in reach, not specifically targeted to Illinois. Plaintiff alleges that the app "boasts approximately one hundred million registered users *worldwide*." (Compl. ¶ 2 (emphasis added).) The proposed class of Illinois users, however, allegedly consists only of "thousands" of these one hundred million total users. (*Id.* ¶ 73.)

Plaintiff fails to allege any facts specific to *Illinois* users of the Bumble App that give rise to his BIPA claim. Instead, Plaintiff makes allegations about app "users," "members," and "customers" generally, which presumably would include users anywhere and everywhere. (*Id.* ¶¶ 1, 5-7, 22, 34-35, 37.) In fact, the only connection Plaintiff alleges between the Bumble App and Illinois stems from the general availability of the app throughout the world, and his own purported residence or use of the app in Illinois. (*Id.* ¶¶ 5-7, 9, 71.)

## III. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Where non-resident defendants like Bumble and Buzz Holdings challenge personal jurisdiction, Plaintiff bears the burden of demonstrating that the Court may properly exercise jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Plaintiff does not—and cannot—carry his burden, because Defendants are not "at home" in Illinois and did not "purposefully direct" any activities toward Illinois or its residents. *See Daimler*, 571 U.S. at 138-39 & n.19; *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705-06 (7th Cir. 2019).

In determining whether a court may exercise personal jurisdiction over a particular defendant, district courts "follow state law in determining the bounds of their jurisdiction." *John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (citation omitted); *see also Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) ("A federal court sitting in diversity must apply the personal jurisdiction rules of the state in which it sits."). In Illinois, courts may exercise jurisdiction over defendants "up to the limits" of Constitutional due process. *Kipp*, 783 F.3d at 697. Accordingly, courts may only exercise jurisdiction over defendants that have sufficient "minimum contacts" with Illinois to satisfy "traditional notions of fair play and substantial justice." *Matlin*, 921 F.3d at 705 (quoting *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945)). Under the "minimum contacts" analysis, there are two potential bases for personal jurisdiction: general ("all-purpose") and specific ("case-specific" or claim linked). *Kipp*, 783 F.3d at 697-98. Neither is present here.

### A. There Is No General Jurisdiction Over Defendants

Defendants—two holding companies that do not (and did not) operate the Bumble app at the center of Plaintiff's claims—cannot be subject to general jurisdiction in Illinois under established law. For limited partnership defendants, like Buzz Holdings, general jurisdiction

exists where the defendant is "at home" in Illinois based on its "activities in Illinois, in the overall scheme of its business." *Mizrachi v. Ordower*, No. 17 C 8036, 2019 WL 918478, at *2 (N.D. Ill. Feb. 25, 2019) (finding no general jurisdiction over a limited liability partnership that was not organized in Illinois, did not have its principal place of business in Illinois, and did not have an office in Illinois). For corporate defendants, like Bumble, general jurisdiction exists only in the corporation's place of incorporation or its principal place of business, absent "exceptional" circumstances that do not exist here. *See Daimler*, 571 U.S. at 138-39 & n.19; *Kipp*, 783 F.3d at 698-99 (stating *Daimler* "raised the bar" for establishing general jurisdiction by limiting it to "the state of [a corporate defendant's] principal place of business and the state of its incorporation," except in "rare situations"). The test for an "exceptional" circumstances is a "stringent" standard that is "incredibly difficult" to meet. *Kipp*, 783 F.3d at 698; *Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.*, 196 F. Supp. 3d 871, 878 (N.D. Ill. 2016) (it is "incredibly difficult to establish general jurisdiction in a forum other than the place where a defendant is incorporated or has its principal place of business" (citation omitted)).

      Plaintiff cannot satisfy this standard. Defendants are both holding companies that do not conduct any operating business in the United States, let alone in Illinois. (*See infra* III.B.1.) Defendant Bumble is incorporated under the laws of Delaware, and Defendant Buzz Holdings is a Delaware limited partnership with no partners that are citizens of Illinois. (Rosas Decl. ¶¶ 3-4.) To the extent either entity has a principal place of business, it is in Texas, where the companies' offices and headquarters are located. (*Id.*) Neither Defendant is registered to do business in Illinois, nor do they have any employees, officers, registered agents for service of process, offices, physical assets, or corporate records in Illinois. (*Id.* ¶¶ 5-8.)

Plaintiff, himself, alleges that Defendants engaged in only generalized activities in Illinois, including "wrongful conduct" that allegedly "was directed to, and/or emanated from Illinois," and that Buzz Holdings "operates the Bumble app," which Plaintiff describes as a "wildly popular" app with "approximately one hundred million registered users worldwide," only "thousands" of which are located in Illinois. (Compl. ¶¶ 2, 12-13, 73.) Even if these vague and generalized allegations were true—and they are not, as described in more detail below (*see infra* III.B.1)—they are nowhere near sufficient to demonstrate that Defendants are "at home" in Illinois.

Indeed, the Supreme Court in *Daimler* specifically cautioned against the exercise of general jurisdiction based on similar alleged generalized contacts, noting that even a "substantial, continuous, and systematic course of business" is not enough to render a defendant at home in a state, as "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 138-39 & n.20 (citation omitted). Courts in the Seventh Circuit thus routinely decline to exercise general jurisdiction over non-resident entities, like Defendants, based on allegations similar to (or involving more extensive Illinois contacts than) the ones Plaintiff alleges. *See, e.g.*, *IMM Holdings, Ltd. v. HK Parts, Inc.*, No. 19 C 6451, 2020 WL 5642942, at *3 (N.D. Ill. Sept. 22, 2020) (no general jurisdiction where defendant operated an "interactive commercial online marketplace" accessible to Illinois consumers and sold goods to Illinois consumers); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1554, 1559 (2017) (no general jurisdiction where defendant had over 2,000 employees and 2,000 miles of railroad track in the forum state, generated revenue in the forum state, and maintained a facility in the forum state).[3]

---

[3] *See also Kipp*, 783 F.3d at 698 (attending annual trade shows in Illinois, advertising directly to Illinois consumers, and successfully attracting Illinois customers was "nowhere close" to enough to establish general jurisdiction); *Abelesz v. OTP Bank*, 692 F.3d 638, 652-53, 660 (7th Cir. 2012) (exercising "extraordinary remedy" of issuing a writ of mandamus to reverse district court's denial of

As follows, there can be no basis for the Court to exercise general jurisdiction over Defendants.

### B. There Is No Specific Jurisdiction Over Defendants

Because this Court lacks general jurisdiction over Defendants, Plaintiff must establish specific jurisdiction for his case to survive. He cannot.

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin*, 921 F.3d at 705-06 (citation omitted). The exercise of specific jurisdiction must also "comport with traditional notions of fair play and substantial justice." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 889 (N.D. Ill. 2020) (citation omitted). Here, specific jurisdiction is lacking over Defendants as to Plaintiff's claims for two independent reasons. ***First***, contrary to Plaintiff's allegations (Compl. ¶¶ 10-11), neither Defendant operates or ever has operated the Bumble app. (Rosas Decl. ¶ 10.)[4] ***Second***, Plaintiff fails to allege that Defendants purposefully directed any suit-related activities toward Illinois.

### 1. Defendants do not operate the Bumble app

The crux of Plaintiff's Complaint is that the Bumble app includes a photo verification feature that purportedly scans users' facial geometry, and that the app collects other information about users and their devices when they create and use their account. (Compl. ¶¶ 6, 35-40.)

---

motion to dismiss for lack of personal jurisdiction where district court "failed to appreciate the stringent 'essentially at home' standard that applies to exercises of general jurisdiction").

[4] On a motion to dismiss for lack of personal jurisdiction, courts may consider matters outside the pleadings, including "affidavits from both parties," *U.S. Glob. Corp. v. Enerco Sp. z o.o.*, No. 19-cv-02589, 2020 WL 4226685, at *4 (N.D. Ill. July 23, 2020), and any such affidavits "trump the pleadings." *Elorac, Inc. v. Sanofi-Aventis Canada Inc.*, No. 14-cv-1859, 2014 WL 7261279, at *4 (N.D. Ill. Dec. 19, 2014).

Defendants, however, are Texas-based holding companies that do not conduct any operating business in Illinois. (Rosas Decl. ¶¶ 3-5.) They do not (and did not ever):

- Operate or control the Bumble app;
- Collect or store Bumble-user app data, including biometric information;
- Advertise the Bumble app to Illinois consumers;
- Market or sell other products in Illinois;
- Generate any revenue from Illinois; or
- Conduct any other business activities or transactions in Illinois.

(*Id.* ¶¶ 5, 9-11.)

Put simply, Plaintiff's claims have nothing whatsoever to do with Bumble or Buzz Holdings because neither Defendant engaged in *any* of the activities related to the Bumble app alleged in the Complaint. As a result, there can be no basis for specific jurisdiction over Defendants as to Plaintiff's claims. *Revenue Realization LLC v. H & R Block, Inc.*, No. 11 C 85, 2011 WL 1364066, at *1 (N.D. Ill. Apr. 11, 2011) (no personal jurisdiction over a holding company defendant with no Illinois contacts); *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1226 (N.D. Ill. 2005) ("A holding company that neither transacts business nor contracts to provide products or services in Illinois is not subject to personal jurisdiction in Illinois.").

### 2. Even if Defendants operated the Bumble app, Plaintiff still could not establish specific jurisdiction

Because Plaintiff sued the wrong entities, the Court's jurisdictional analysis can end here. But even if Defendants *did* own and operate the Bumble app, Plaintiff still could not establish specific jurisdiction as to his claims. This is because Plaintiff does not and cannot allege that owning and operating the Bumble app or any other purported *suit-related* conduct was "purposefully directed" toward Illinois. *See Matlin*, 921 F.3d at 705-06 (specific jurisdiction

exists only "where (1) the defendant purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum related activities").

Courts generally apply the "purposeful direction" test, which focuses on whether a defendant directed activities at the forum, to intentional tort claims. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Courts in the Seventh Circuit apply the purposeful direction analysis to BIPA claims because they sound more in tort than in contract with plaintiffs usually alleging, as Plaintiff does here (Compl. ¶ 79), that the violations were knowing, willful, reckless, or negligent. *See, e.g.*, *Stein v. Clarifai, Inc.*, 526 F. Supp. 3d 339, 344 (N.D. Ill. 2021).

A defendant "purposefully directs" conduct toward a forum when it "(1) [commits] intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with . . . knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Stein*, 526 F. Supp. 3d at 344 (quoting *Tamburo*, 601 F.3d at 702-03). Plaintiff must sufficiently plead all three of these elements to establish that the defendant "purposefully directed" his activity at the forum state. *Felland v. Clifton*, 682 F.3d 665, 674-75 (7th Cir. 2012).

Here, Plaintiff fails to satisfy his burden of demonstrating "purposeful direction." He alleges only two potential suit-related Illinois contacts from which his claims could arise: (i) his own use of the Bumble app in his home state of Illinois (Compl. ¶ 9), and (ii) Defendants' purported operation of the Bumble app throughout the world, including in Illinois (*id.* ¶¶ 2, 13-15, 21). Neither allegation can establish that Defendants—or any entity—"expressly aimed" conduct at Illinois for purposes of specific jurisdiction, as a matter of law.

*First*, Plaintiff's residence or purported use of Bumble app in Illinois cannot confer specific jurisdiction over Defendants as to Plaintiff's claims. Rather, "it is the *defendant's* conduct that must form the necessary connection with the forum State," and Plaintiff's "unilateral" contacts with the forum are irrelevant to the jurisdictional inquiry. *Walden v. Fiore*, 571 U.S. 277 at 285-86 (2014) (emphasis added). "The mere fact that [the] [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice" to establish specific jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (citation omitted) (remanding with instructions to dismiss complaint for lack of personal jurisdiction).

*Next*, operating the globally accessible Bumble app—which is analogous to a globally accessible interactive website—does not constitute "expressly aiming" or "purposefully directing" conduct toward Illinois, under prevailing law. (Compl. ¶ 2 (conceding that the Bumble app is available worldwide).) The Seventh Circuit has specifically warned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates [an interactive] website that is accessible in the forum state." *Matlin*, 921 F.3d at 706 (citation omitted); *see also Stein*, 526 F. Supp. 3d 339, 345 (N.D. Ill. 2021) (the mere operation of a website, "even a 'highly interactive' website, that is accessible from, but does not target, the forum state" does not confer specific jurisdiction) (citations omitted). *Advanced Tactical*, in which the Seventh Circuit squarely rejected the exercise of specific jurisdiction over a nonresident defendant based on an interactive website, is instructive:

> [T]he operation of an interactive website does not show that the *defendant* has formed a contact with the forum state. . . . [I]f having an interactive website were enough . . . a plaintiff could sue everywhere. Such a result would violate the principles on which *Walden* and *Daimler* rest. Having an "interactive

website" . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend "traditional notions of fair play and substantial justice." 751 F.3d at 803 (citation omitted).

Following these principles, the court in *Gullen v. Facebook.com, Inc.* dismissed a BIPA claim for lack of jurisdiction, and the court's rationale there forecloses exercising specific jurisdiction over Defendants in this case as well. No. 15 C 7681, 2016 WL 245910, at *1 (N.D. Ill. Jan. 21, 2016). The plaintiff in *Gullen* alleged that Facebook violated BIPA by using facial recognition technology to collect biometric data from user-uploaded photos as part of its "tag suggestion" feature. *Id*. Even though Facebook was registered to do business in Illinois and had a sales and advertising office in Illinois, the court found personal jurisdiction lacking for the plaintiff's BIPA claim. *Id.* at *2. In determining that specific jurisdiction did not exist over Facebook, the *Gullen* court emphasized that the plaintiff alleged "Facebook uses facial recognition technology on 'every user-uploaded photo,' not just photos uploaded in or by residents of Illinois." *Id.* at *2-3. The court reasoned that this was a "tacit admission that Facebook's alleged collection of biometric information is not targeted at Illinois residents." *Id.*

Here, too, Plaintiff admits that the Bumble app is a global app and that the alleged collection of biometric information is not targeted at Illinois residents. According to Plaintiff,

- The Bumble app "is wildly popular and boasts approximately one hundred million registered users ***worldwide***," and only "thousands" of users in Illinois. (Compl. ¶¶ 2, 73 (emphasis added).)

- When "a user"—not only an Illinois user—"downloads the app and creates an account, Bumble collects the following information [list omitted]." (*Id.* ¶ 35.)

- "To verify an account [using the photo verification feature], the user"—again, not specifically an Illinois user—"taps a 'verify' button in their profile." (*Id.* ¶ 38.)

- *Any* user "who registered for or used Bumble and interacted with the app did not consent to Defendants' collection, retention, or release of their biometric information." (*Id.* ¶ 7.)

Thus, just as in *Gullen*, even if Defendants operated the Bumble app, Plaintiff could not demonstrate that Defendants "expressly aimed" their alleged activities toward Illinois. As a result, there can be no specific jurisdiction over Defendants or any entity that actually does own and operate the Bumble app. *See Gullen*, 2016 WL 245910, at *2 ("Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook."); *see also Stein*, 526 F. Supp. 3d at 344 (granting Rule 12(b)(2) motion to dismiss BIPA claim against nonresident technology company with global interactive website); *Bray v. Lathem Time Co.*, No. 19-3157, 2020 WL 1492742, at *4 (C.D. Ill. Mar. 27, 2020) (dismissing BIPA claims because there were "no contacts with the state other than the [defendant's] website and that alone is not enough").

That leaves no basis—general or specific—for exercising personal jurisdiction over Defendants or any entity that owns and operates the Bumble app in this case. Dismissal is thus warranted, and because the Complaint's jurisdictional deficiencies apply to any entity owning and operating the app, any attempt to amend the Complaint to include such an entity would be futile. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where . . . the amendment would be futile."); *Peters v. Sloan*, No. 18-cv-01236-JES-JEH, 2018 WL 5621854, at *3 (C.D. Ill. Oct. 30, 2018) (dismissing case without leave to amend because amending "would be futile to correct the deficiencies in the . . . Complaint"), *aff'd*, 762 F. App'x 344 (7th Cir. 2019).

## IV. CONCLUSION

Plaintiff has not established, nor can he establish, that Defendants are subject to personal jurisdiction in this Court. Defendants therefore respectfully ask this Court to dismiss the action against them for lack of personal jurisdiction, with prejudice.

Dated: March 4, 2022

Respectfully submitted,

By: /s/ *John C. Ellis*
*Attorney for Specially Appearing Defendants*

John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94104
(415) 268-7000
tcheung@mofo.com

Purvi G. Patel
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
ppatel@mofo.com

Katie Viggiani
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
kviggiani@mofo.com

## CERTIFICATE OF SERVICE

I, John C. Ellis, an attorney, certify that, on March 4, 2022, the foregoing was filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

 */s/ John C. Ellis*