IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIO DZANANOVIC, individually and on behalf of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> BUMBLE, INC., BUZZ HOLDINGS, L.P., and BUMBLE TRADING LLC <br><br> Defendants. | Case No. 1:21-cv-06925 <br><br> Hon. Andrea R. Wood <br><br> Mag. M. David Weisman |

**DEFENDANTS BUMBLE INC., BUZZ HOLDINGS L.P., AND BUMBLE TRADING LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 2 |
| II. | STATEMENT OF FACTS AND PROCEDURAL HISTORY | | 3 |
| | A. | Bumble and Buzz Holdings Have No Involvement With The Bumble App | 3 |
| | B. | Bumble Trading Is Not "At Home" In Illinois | 4 |
| | C. | The Only Alleged Illinois Contacts Pertain To Bumble Trading's Alleged Marketing Activities | 4 |
| III. | THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS | | 5 |
| | A. | There Is No General Jurisdiction Over Defendants | 6 |
| | B. | There Is No Specific Jurisdiction Over Defendants | 8 |
| | | 1. Bumble and Buzz Holding did not purposefully direct their activities towards Illinois | 9 |
| | | 2. Plaintiff's claims do not arise out of Bumble Trading's forum-related activities | 10 |
| | | 3. The exercise of jurisdiction over Defendants in Illinois would be unreasonable | 16 |
| IV. | CONCLUSION | | 18 |

I.      **INTRODUCTION**

In his Amended Class Action Complaint, Plaintiff Dario Dzananovic attempts to but cannot cure the fatal jurisdictional defect in his case. Neither of his strategies —naming Bumble Trading LLC as a new defendant or adding certain allegations regarding Defendants' purported contacts with Illinois—is successful.[1]

As to general jurisdiction, as non-resident Defendants, Bumble Inc., Buzz Holdings L.P., and Bumble Trading do not have "substantial" or "continuous and systematic" contacts with Illinois. Bumble is incorporated under the laws of Delaware. Buzz Holdings is a Delaware limited partnership with no partners that are citizens of Illinois. Bumble Trading is a Delaware limited liability company with no members that are citizens of Illinois. None of the Defendants have a principal place of business or even an office in Illinois. In short, none of the Defendants have forum contacts that are "so constant and pervasive as to render [them] essentially at home in" Illinois. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citation omitted).

As to specific jurisdiction, Defendants Bumble and Buzz Holdings do not purposefully direct any activities—let alone any suit-related activities—towards Illinois. Plaintiff's allegations about them are factually inaccurate: they are holding companies, and as such do not conduct any operating business at all, including owning, operating, or controlling the Bumble app. Accordingly, Plaintiff's claim, which relates to the app's purported collection of his biometric information, cannot arise out of any conduct—much less Illinois-related conduct—by these two Defendants. The only activities alleged in the Complaint to be purposefully directed at Illinois are Bumble Trading's marketing activities. But Plaintiff's claims do not arise out of

---

[1] Defendants are appearing specially and solely to contest personal jurisdiction. In doing so, Defendants are not entering any general appearance or otherwise consenting to the jurisdiction of this Court in this matter.

those alleged marketing activities. Plaintiff's claims are based on the information allegedly collected by the Bumble app through the app's optional photo verification feature. Given this disconnect, the marketing activities cannot form a basis for the exercise of specific jurisdiction over Bumble Trading.

For these reasons, jurisdiction over Defendants is not appropriate under traditional measures of due process. The Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. STATEMENT OF FACTS[2] AND PROCEDURAL HISTORY

Plaintiff brings this putative class action alleging a single cause of action for purported violations of the Illinois Biometric Information Privacy Act ("BIPA") arising out of his alleged use of a dating application called Bumble. (ECF No. 21 ("Am. Compl.") ¶¶ 119-25.) Plaintiff claims that the Bumble app scans users' facial geometry if they use an optional photo verification feature, and that the Bumble app collects other information about users and their devices when they create and use their account. (*Id.* ¶¶ 72-77.) Defendants moved to dismiss Plaintiff's original complaint on March 4, 2022. (ECF Nos. 17 and 18.) Rather than oppose, Plaintiff filed an Amended Complaint on March 25, 2022. (ECF No. 21.)

### A. Bumble and Buzz Holdings Have No Involvement With The Bumble App

Defendants Bumble and Buzz Holdings have no involvement with the Bumble app that is the focus of this lawsuit. Neither of them designed the app, owns, operates, or controls the app (now or in the past), or collects or stores data from the app, including the purported facial

---

[2] Defendants dispute many of the allegations in the Complaint. But for purposes of this motion, Defendants accept any well-pleaded factual allegations as true, except for ones that are contradicted by the facts set forth in the Declaration of Christopher Rosas ("Rosas Decl."). *See Faith Freight Forwarding Corp. v. Ruiz*, No. 95 C 7560, 1997 WL 159207, at *1 (N.D. Ill. Mar. 24, 1997) (allegations that are contradicted by affidavits are not accepted as true on a motion to dismiss for lack of personal jurisdiction).

geometry scan that Plaintiff claims occurs through use of the photo verification feature. (Rosas Decl. ¶¶ 11-12.) Likewise, neither of them market or advertise the Bumble app or generate any revenue from the app in Illinois (or elsewhere). (*Id.* ¶¶ 10-11.)

Rather, both Defendants are holding companies that have no offices, officers, or employees in Illinois and conduct no operating business anywhere—let alone in Illinois. (*Id.* ¶¶ 6-8.) Bumble is incorporated under the laws of Delaware and Buzz Holdings is a Delaware limited partnership with no partners that are citizens of Illinois. (*Id.* ¶¶ 4-5.) To the extent either entity has a principal place of business, it is in Texas, where the companies' offices and headquarters are located. (*Id.*) In sum, these Defendants have no place in this lawsuit and cannot be subject to personal jurisdiction in Illinois as to Plaintiff's claims.

### B. Bumble Trading Is Not "At Home" In Illinois

Bumble Trading is a Delaware limited liability company with no members that are citizens of Illinois, and no offices or officers located in Illinois. (*Id.* ¶ 3.) Its principal place of business is in Texas, where its offices and headquarters are located. (*Id.*)

### C. The Only Alleged Illinois Contacts Pertain To Bumble Trading's Alleged Marketing Activities[3]

Plaintiff's original complaint contained no allegations specific to Illinois; indeed, the only connection he alleged between Illinois and the global Bumble app was his purported residence or use of the app in Illinois. (*See* ECF No. 18 at 3.) Plaintiff now alleges that Bumble Trading

---

[3] Plaintiff incorrectly alleges that all Defendants engage in these marketing activities. (Am. Compl. ¶¶ 37-50.) On a motion to dismiss for lack of personal jurisdiction, courts may consider matters outside the pleadings, including "affidavits from both parties," *U.S. Glob. Corp. v. Enerco Sp. z o.o.*, No. 19-cv-02589, 2020 WL 4226685, at *4 (N.D. Ill. July 23, 2020), and any such affidavits "trump the pleadings." *Elorac, Inc. v. Sanofi-Aventis Canada Inc.*, No. 14-cv-1859, 2014 WL 7261279, at *4 (N.D. Ill. Dec. 19, 2014). Bumble and Buzz Holdings are holding companies that do not perform any business activities at all. Only Bumble Trading performs the alleged marketing activities. (Rosas Decl. ¶¶ 10, 14.)

engaged in four types of marketing activity in Illinois: (i) hosting or sponsoring in-person events, such as "a recruiting and networking event with WeWork in Chicago" and a "Chicago Happy Hour;" (ii) providing Illinois-based giveaways, such as a "sunset sail" on Lake Michigan and a "Dining Out Chicago Passbook;" (iii) employing campus ambassadors on Illinois-based college campuses to promote the Bumble app; and (iv) billboard advertisements. (Am. Compl. ¶¶ 37-50.) These allegations, however, have nothing to do with Bumble Trading's alleged collection of biometric identifiers and information, which is the conduct that is at issue in this lawsuit. Plaintiff does not allege that he attended or participated in any of these events or was even aware of any of the marketing activities alleged in the Amended Complaint.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Where non-resident defendants like Bumble, Buzz Holdings, and Bumble Trading challenge personal jurisdiction, Plaintiff bears the burden of demonstrating that the Court may properly exercise jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Plaintiff does not—and cannot—carry his burden, because Defendants are not "at home" in Illinois and did not "purposefully direct" any activities toward Illinois or its residents out of which Plaintiff's claims can be said to have arisen. *See Daimler*, 571 U.S. at 138-39 & n.19; *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705-06 (7th Cir. 2019).

In evaluating whether a court may exercise personal jurisdiction over a particular defendant, district courts "follow state law in determining the bounds of their jurisdiction." *John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (citation omitted); *see also Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) ("A federal court sitting in diversity must apply the personal jurisdiction rules of the state in which it sits."). In Illinois, courts may exercise jurisdiction over defendants "up to the limits" of Constitutional due process.

*Kipp*, 783 F.3d at 697. Accordingly, courts may only exercise jurisdiction over defendants that have sufficient "minimum contacts" with Illinois to satisfy "traditional notions of fair play and substantial justice." *Matlin*, 921 F.3d at 705 (quoting *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945)). Under the "minimum contacts" analysis, there are two potential bases for personal jurisdiction: general ("all-purpose") and specific ("case-specific" or claim linked). *Kipp*, 783 F.3d at 697-98. Neither is present here.

### A. There Is No General Jurisdiction Over Defendants

None of the Defendants can be subject to general jurisdiction in Illinois under established law. Plaintiff alleges that Defendants engaged in "wrongful conduct" that allegedly "occurred in, was directed to, and/or emanated from Illinois," and performed various marketing and business solicitation activities in Illinois. (Am. Compl. ¶¶ 26, 37-50.) These allegations are nowhere near sufficient to demonstrate that Defendants are "at home" in Illinois, which is required for general jurisdiction over a corporation (like Bumble) and limited partnerships or limited liability companies (like Buzz Holdings and Bumble Trading). *See Daimler*, 571 U.S. at 122 (applying test to corporations); *Mizrachi v. Ordower*, No. 17 C 8036, 2019 WL 918478, at *2 (N.D. Ill. Feb. 25, 2019) (applying test to limited liability partnership); *Lewis v. 300 W. LLC*, No. 18-cv-50186, 2019 U.S. Dist. LEXIS 169096, at *16-17 (N.D. Ill. Sep. 30, 2019) (applying test to limited liability companies).

**Bumble Trading (the operating Defendant).** Bumble Trading (the only Defendant entity that operates the Bumble app) is a Delaware limited liability company with its principal place of business in Austin, Texas. (Rosas Decl. ¶ 3.) None of its members are citizens of Illinois, and it has no officers, offices, physical assets, or corporate records in Illinois. (*Id.* ¶¶ 3, 8-9.) While Bumble Trading markets the Bumble app worldwide, "no case has ever held that solicitation alone is sufficient for general jurisdiction" because the contacts "still do[] not suffice

to make [the defendant] 'at home' in Illinois." *Kipp*, 783 F.3d at 698-99 (attending annual trade shows in Illinois, advertising directly to Illinois consumers, and successfully attracting Illinois customers was "nowhere close" to enough to establish general jurisdiction). Courts in the Seventh Circuit thus routinely decline to exercise general jurisdiction over non-resident entities, like Bumble Trading, based on allegations similar to (or involving more extensive contacts than) the ones Plaintiff alleges. *See, e.g.*, *Moore v. Alaska Airlines, Inc.*, No. 19 C 2951, 2019 WL 5895434, at *3 (N.D. Ill. Nov. 12, 2019) (concluding that Alaska Airlines is not "at home" in Illinois even though it "operates many, if not hundreds, of flights to and from O'Hare, advertises in Chicago, and maintains offices at O'Hare"); *IMM Holdings, Ltd. v. HK Parts, Inc.*, No. 19 C 6451, 2020 WL 5642942, at *3 (N.D. Ill. Sept. 22, 2020) (no general jurisdiction where defendant operated an "interactive commercial online marketplace" accessible to Illinois consumers and sold goods to Illinois consumers).

**Buzz Holdings and Bumble (the holding company Defendants).** Buzz Holdings and Bumble are holding companies with no business operations at all. Plaintiff is wrong when he alleges that they market the Bumble app or engage in any of the activities alleged in the Amended Complaint. Buzz Holdings is a Delaware limited partnership that does not conduct any operating business in the United States, let alone in Illinois. (Rosas Decl. ¶¶ 5-6.) It has no partners that are citizens of Illinois, and no employees, officers, registered agents for service of process, offices, physical assets, or corporate records in Illinois. (*Id.* ¶¶ 5, 7-9.) To the extent it has a principal place of business, it is in Texas. (*Id.* ¶ 5.) Similarly, Bumble is a holding company that does not conduct any operating business in Illinois or anywhere in the United States. (*Id.* ¶ 6.) It is incorporated under the laws of Delaware, and to the extent that it has a

principal place of business, it is in Texas. (*Id.* ¶ 4.)[4] It has no officers, employees, registered agents for service of process, offices, physical assets, or corporate records in Illinois. (*Id.* ¶¶ 7-9.) There is no basis to exercise general jurisdiction over either holding company because neither engages in any business activities that could make either of them "at home" in Illinois.

### B. There Is No Specific Jurisdiction Over Defendants

Because this Court lacks general jurisdiction over Defendants, Plaintiff must establish specific jurisdiction for his case to survive. He cannot.

Courts generally apply the "purposeful direction" test to intentional tort claims. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Courts in the Seventh Circuit generally regard BIPA claims as sounding more in tort than in contract because plaintiffs typically allege, as Plaintiff does here (Am. Compl. ¶¶ 57, 121), that the violations were knowing, willful, reckless, or negligent. *See, e.g., Stein v. Clarifai, Inc.*, 526 F. Supp. 3d 339, 344 (N.D. Ill. 2021). Under this test, "[s]pecific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin*, 921 F.3d at 705-06 (citation omitted). The assertion of personal jurisdiction also must be "reasonable and fair." *David White Instruments, LLC v. TLZ, Inc.*, No. 02 C 7156, 2003 WL 21148224, at *6 (N.D. Ill. May 16, 2003).

A defendant "purposefully directs" conduct toward a forum when it "(1) [commits] intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with . . . knowledge that the effects would be felt—that is, the plaintiff would be

---

[4] The Supreme Court in *Daimler* held that a corporation (like Bumble) is only "at home" in its place of incorporation or principal place of business, absent "exceptional circumstances" that do not exist here, given Bumble's complete lack of business operating activities that could confer general jurisdiction.

injured—in the forum state." *Stein*, 526 F. Supp. 3d at 344 (quoting *Tamburo*, 601 F.3d at 702-03). Plaintiff must sufficiently plead all three of these elements to establish that the defendant "purposefully directed" his activity at the forum state. *Felland v. Clifton*, 682 F.3d 665, 674-75 (7th Cir. 2012).

Here, specific jurisdiction is lacking over Defendants as to Plaintiff's claims for two independent reasons. ***First***, as to Bumble and Buzz Holdings, contrary to Plaintiff's allegations, neither entity purposefully directed any activities towards Illinois. Indeed, neither Defendant engages in any business activities at all. (Rosas Decl. ¶ 6.) The Court's analysis as to these two Defendants can end there. ***Second***, as to Bumble Trading, its alleged marketing activities are completely irrelevant to this lawsuit, and thus do not constitute "suit-related" conduct. As such, there can be no specific jurisdiction over Bumble Trading either.

### 1. Bumble and Buzz Holding did not purposefully direct their activities towards Illinois

The crux of Plaintiff's Complaint is that the Bumble app includes a photo verification feature that purportedly scans users' facial geometry, and that the app collects other information about users and their devices when they create and use their account. (Am. Compl. ¶¶ 72-77.) Bumble and Buzz Holdings, however, are Texas-based holding companies that do not conduct any operating business in Illinois. (Rosas Decl. ¶¶ 4-6.) They do not (and did not ever):

- Own, operate, or control the Bumble app;
- Collect or store Bumble-user app data, including biometric information;
- Advertise the Bumble app to Illinois consumers;
- Market or sell other products in Illinois;
- Generate any revenue from Illinois; or
- Conduct any other business activities or transactions in Illinois.

(*Id.* ¶¶ 10-12.) Put simply, Plaintiff's claims have nothing whatsoever to do with Bumble or

Buzz Holdings because neither Defendant engaged in any of the activities related to the Bumble app alleged in the Complaint—whether in Illinois, or elsewhere. As a result, there can be no basis for specific jurisdiction over these Defendants as to Plaintiff's claims. *Revenue Realization LLC v. H & R Block, Inc.*, No. 11 C 85, 2011 WL 1364066, at *1 (N.D. Ill. Apr. 11, 2011) (no personal jurisdiction over a holding company defendant with no Illinois contacts); *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1226 (N.D. Ill. 2005) ("A holding company that neither transacts business nor contracts to provide products or services in Illinois is not subject to personal jurisdiction in Illinois.").

### 2. Plaintiff's claims do not arise out of Bumble Trading's forum-related activities

As to Bumble Trading, Plaintiff cannot establish specific jurisdiction for his claims because they do not arise out of Bumble Trading's contacts with Illinois. Under the purposeful direction analysis, "[t]he relevant contacts are those that center on the relations among the defendant, the forum, and the litigation. Crucially, not just any contacts will do: 'For a State to exercise jurisdiction consistent with due process, the defendant's **suit-related conduct** must create a substantial connection with the forum State.' . . . The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.'" *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) (emphasis added; citations omitted); *accord Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014), *as corrected* (May 12, 2014). Plaintiff alleges three potential Illinois contacts: (i) his own use of the Bumble app in Illinois (Am. Compl. ¶ 9); (ii) Bumble Trading's global operation of the Bumble app, including

in Illinois (*id.* ¶¶ 26, 33-35);[5] and (iii) Bumble Trading's marketing activities in Illinois (*id.* ¶¶ 37-50).[6] None of these allegations can establish that Bumble Trading "expressly aimed" suit-related conduct at Illinois for purposes of specific jurisdiction, as a matter of law.

          a.      **Plaintiff's presence in Illinois cannot establish specific jurisdiction**

Plaintiff's residence or purported use of the Bumble app in Illinois cannot confer specific jurisdiction over Bumble Trading as to Plaintiff's claims. Rather, "it is the *defendant's* conduct that must form the necessary connection with the forum State," and Plaintiff's "unilateral" contacts with the forum are irrelevant to the jurisdictional inquiry. *Walden v. Fiore*, 571 U.S. 277 at 285-86 (2014) (emphasis added). "The mere fact that [the] [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice" to establish specific jurisdiction. *Advanced Tactical*, 751 F.3d at 801 (citation omitted) (remanding with instructions to dismiss complaint for lack of personal jurisdiction).

          b.      **Plaintiff's allegation that Bumble Trading operates the global Bumble app cannot establish specific jurisdiction**

Simply operating the globally accessible Bumble app (Rosas Decl. ¶ 13)—which is analogous to a globally accessible interactive website—and deriving revenue from it does not constitute "expressly aiming" or "purposefully directing" conduct toward Illinois, under prevailing law.[7] (Am. Compl. ¶¶ 3 (alleging that the Bumble app is available worldwide), 27-

---

[5] Plaintiff alleges that Buzz Holdings operates the Bumble app (Am. Compl. ¶ 22), but that all Defendants "collect[ed], captur[ed] and otherwise obtain[ed]" individuals' biometric information (*id.* ¶ 120). This internal inconsistency aside, as set out above (*see* n. 3, *supra*), Plaintiff's allegations are incorrect. Buzz Holdings and Bumble are holding companies that do not engage in any business activities at all.

[6] *See* n.3.

[7] The same argument applies to Plaintiff's allegations that Bumble Trading collects data from Illinois residents and earns revenue from Illinois residents in the course of operating the app,

35.) The Seventh Circuit has specifically warned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates [an interactive] website that is accessible in the forum state." *Matlin*, 921 F.3d at 706 (citation omitted); *see also Stein*, 526 F. Supp. 3d at 345 (the mere operation of a website, "even a 'highly interactive' website, that is accessible from, but does not target, the forum state" does not confer specific jurisdiction) (citations omitted). *Advanced Tactical*, in which the Seventh Circuit squarely rejected the exercise of specific jurisdiction over a nonresident defendant based on an interactive website, is instructive:

> [T]he operation of an interactive website does not show that the *defendant* has formed a contact with the forum state. . . . [I]f having an interactive website were enough . . . a plaintiff could sue everywhere. Such a result would violate the principles on which *Walden* and *Daimler* rest. Having an "interactive website" . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend "traditional notions of fair play and substantial justice."

751 F.3d at 803 (citation omitted).

Following these principles, the court in *Gullen* dismissed a BIPA claim for lack of jurisdiction, and the court's rationale there forecloses exercising specific jurisdiction over Bumble Trading in this case as well. 2016 WL 245910, at *1. The plaintiff in *Gullen* alleged that Facebook violated BIPA by using facial recognition technology to collect biometric data from user-uploaded photos as part of its "tag suggestion" feature. *Id.* Even though Facebook was registered to do business in Illinois and had a sales and advertising office in Illinois, the court found personal jurisdiction lacking for the plaintiff's BIPA claim. *Id.* at *2. In

---

because Bumble Trading collects data and earns revenue from Bumble users *worldwide*. (*See* Am. Compl. ¶¶ 3, 26-35.)

determining that specific jurisdiction did not exist over Facebook, the *Gullen* court emphasized that the plaintiff alleged "Facebook uses facial recognition technology on 'every user-uploaded photo,' not just photos uploaded in or by residents of Illinois." *Id.* at *2-3. The court reasoned that this was a "tacit admission that Facebook's alleged collection of biometric information is not targeted at Illinois residents." *Id.*

Here, too, Plaintiff admits that the Bumble app is a global app and that the alleged collection of biometric information is not targeted at Illinois residents. According to Plaintiff,

- The Bumble app "is wildly popular and boasts approximately one hundred million registered users ***worldwide***," and only "thousands" of users in Illinois. (Am. Compl. ¶¶ 3, 115 (emphasis added).)

- When "a user"—not only an Illinois user—"downloads the app and creates an account, Bumble collects the following information [list omitted]." (*Id.* ¶ 72.)

- "To verify an account [using the photo verification feature], the user"—again, not specifically an Illinois user—"taps a 'verify' button in their profile." (*Id.* ¶ 75.)

- Any user "who registered for or used Bumble and interacted with the app did not consent to Defendants' collection, retention, or release of their biometric information." (*Id.* ¶ 7.)

Thus, just as in *Gullen*, Plaintiff cannot demonstrate that Bumble Trading "expressly aimed" its activities toward Illinois. As a result, there can be no specific jurisdiction over Bumble Trading. *Gullen*, 2016 WL 245910, at *2 ("Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook."); *see Stein*, 526 F. Supp. 3d at 344 (granting Rule 12(b)(2) motion to dismiss BIPA claim against nonresident technology company with global interactive website); *Bray v. Lathem Time Co.*, No. 19-3157, 2020 WL 1492742, at *4 (C.D. Ill. Mar. 27, 2020) (dismissing BIPA claims because there were "no contacts with the state other than the [defendant's] website and that alone is not enough").

### c. Bumble Trading's alleged marketing activities in Illinois cannot establish specific jurisdiction

Plaintiff does not—and cannot—allege that Bumble Trading's marketing activities in Illinois (Am. Compl. ¶¶ 37-50) gave rise to his claim that the Bumble app collected his biometric identifiers and information in violation of BIPA (*id.* ¶ 120). "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction; we *therefore evaluate specific personal jurisdiction by reference to the particular conduct underlying the claims* made in the lawsuit." *Noboa v. Barceló Corporación Empresarial, S.A.*, No. 13 C 8966, 2015 WL 13050009, at *2 (N.D. Ill. Apr. 29, 2015), *aff'd*, 812 F.3d 571 (7th Cir. 2016) (quoting *Tamburo*, 601 F.3d at 702) (emphasis added).

Plaintiff alleges that Bumble Trading (i) hosted or sponsored in-person marketing activities in Illinois, such as a game night, an event at a Chicago-based hotel, and a booth at Lollapalooza (Am. Compl. ¶¶ 38, 40, 45); (ii) provided Illinois-based giveaways, such as a "sunset sail" on Lake Michigan and a "Dining Out Chicago Passbook" (*id.* ¶¶ 41, 43); (iii) employed ambassadors on college campuses to promote the Bumble app (*id.* ¶¶ 49-50); and (iv) advertised Bumble on billboards in Chicago (*id.* ¶ 44). Notably, Plaintiff does not allege that he ever participated in any of these marketing activities or observed any such advertisements— let alone that he downloaded the Bumble app because of them. Plaintiff also does not point to any marketing activities that Bumble Trading purposefully directed at Illinois that relate to or even mention the photo verification feature. He alleges only that the photo verification feature was "tout[ed]" on Bumble's website, which is, for the reasons already discussed, not specifically targeted to Illinois. (*Id.* ¶¶ 36, 75.) In any event, however, these activities do not constitute "conduct underling the claims made in the lawsuit," and therefore do not offer a basis on which

this Court may exercise specific jurisdiction over Bumble Trading.

The holding in *Gullen* is again instructive. There, the plaintiff alleged that the court had personal jurisdiction over Facebook *inter alia* because it was registered to do business in Illinois and had a sales and advertising office in Illinois. 2016 WL 245910, at *2. The court found those two contacts irrelevant to the specific jurisdiction inquiry, concluding: "The first two contacts have no relationship to this suit, which arises from Facebook's alleged collection of biometric data from a photo, not from its sales, marketing, or other business activity in Illinois." *Id.* The exact same rationale applies here, as Plaintiff's lawsuit "arises from [Bumble Trading]'s alleged collection of biometric data from a photo," and not from its marketing activities in Illinois. *Id.* Similarly, in *Snow Sys., Inc. v. Sneller's Landscaping, LLC*, the plaintiff alleged a number of Illinois contacts, including attendance of Illinois trade shows and a partnership between the defendant and an Illinois manufacturer. No. 18 C 5842, 2019 WL 1317746, at *1 (N.D. Ill. Mar. 22, 2019). But the court found that the plaintiff did "not explain how [the contacts] connect[ed] [the defendant] to Illinois *for purposes of its claims against it*"; namely, trademark infringement, unfair competition, and false advertising claims, and dismissed the case. *Id.* at *6 (emphasis added).

The alleged marketing activities need not be the ***cause*** of the injury of which Plaintiff complains, but as the Supreme Court recently held in *Ford Motor Co. v. Montana Eighth Judicial District Court*, "[t]hat does not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." 141 S. Ct. 1017, 1026 (2021); *see Advanced Tactical*, 751 F.3d at 801 (reversing and remanding on the ground that sales in forum state did not subject defendant to personal jurisdiction where plaintiff submitted no evidence that those sales had any connection

to defendant's alleged wrongdoing); *Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, No. 19 C 6234, 2019 WL 6827641, at *3, *5 (N.D. Ill. Dec. 13, 2019) (finding no specific personal jurisdiction where plaintiff alleged that defendant "(1) maintain[ed] a nationally accessible, interactive website; (2) us[ed] targeted search-engine advertisements geared towards Illinois residents; and (3) [sold] products to customers from Illinois," because plaintiff's claims of copyright infringement and false designation of origin "[did] not arise out of any sale Defendants made or other actions they took in Illinois").

Finally, contrary to Plaintiff's allegations, Bumble Trading does not "collect data directly in Illinois" because it does not own or operate servers in Illinois that receive, send, or store user data. (*See* Am. Compl. ¶¶ 26-33; Rosas Decl. ¶ 15.) Accordingly, any alleged data collection cannot support the exercise of specific jurisdiction over Bumble Trading in Illinois. *See McGoveran v. Amazon Web Servs., Inc.*, 488 F. Supp. 3d 714, 722 (S.D. Ill. 2020) (finding no specific jurisdiction over defendants in a BIPA case regarding voiceprints where one defendant intercepted calls made by plaintiffs residing in Illinois and sent the audio to another non-Illinois defendant, who then returned the output to servers outside of Illinois).

### 3. The exercise of jurisdiction over Defendants in Illinois would be unreasonable

Because Plaintiff cannot allege that any Defendant purposefully directed any suit-related conduct towards Illinois, the personal jurisdiction inquiry should end here. If there were any doubt left, however, the exercise of personal jurisdiction over Defendants would be improper under the third and final unreasonableness prong. *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1030 (N.D. Ill. 2009) ("If the minimum contacts test is satisfied, the Court must consider other factors, such as the forum's interest in adjudicating the dispute and the burden on the defendant, to determine whether the exercise of personal jurisdiction satisfies

traditional notions of fair play and substantial justice.").

None of the Defendants could reasonably anticipate being haled into court in Illinois. All are either incorporated in, or entities formed under the laws of, Delaware, not Illinois, and all of the Defendants have principal places of business in a state other than Illinois (in Texas). Moreover, as discussed, Bumble and Buzz Holdings do not engage in any business activities at all—let alone any business activities that are specific to or directed at Illinois. As for Bumble Trading, it operates an app that is available worldwide, and engaged in the same non-suit related marketing activities in Illinois as it did in states throughout the country as part of its nationwide advertising campaign. (Rosas Decl. ¶¶ 13-14.) Finally, none of the Defendants have any offices or property in Illinois. The exercise of specific jurisdiction over them would therefore be improper. *David White Instruments*, 2003 WL 21148224, at *7 ("An exercise of specific jurisdiction would not be reasonable and fair because [the defendant] has no offices, property or contracts in Illinois; it does not manufacture any products in Illinois; it has no employees or shareholders in Illinois; and its principal place of business is in Hong Kong.").

This leaves no basis—general or specific—for exercising personal jurisdiction over Defendants. Dismissal is thus warranted, and because the Complaint's jurisdictional deficiencies apply to any entity that owns or operates the Bumble app, any attempt to amend the Complaint to include such an entity would be futile. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where . . . the amendment would be futile."); *Peters v. Sloan*, No. 18-cv-01236-JES-JEH, 2018 WL 5621854, at *3 (C.D. Ill. Oct. 30, 2018) (dismissing case without leave to amend because amending "would be futile to correct the deficiencies in the . . . Complaint"), *aff'd*, 762 F. App'x 344 (7th Cir. 2019).

## IV. CONCLUSION

Plaintiff has not established, nor can he establish, that Defendants are subject to personal jurisdiction in this Court. Defendants therefore respectfully ask this Court to dismiss the action against them for lack of personal jurisdiction, with prejudice.

Dated: May 27, 2022

Respectfully submitted,

By: /s/ *John C. Ellis*
*Attorney for Specially Appearing Defendants*

John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94104
(415) 268-7000
tcheung@mofo.com

Purvi G. Patel
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
ppatel@mofo.com

Katie Viggiani
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
kviggiani@mofo.com

## **CERTIFICATE OF SERVICE**

I, John C. Ellis, an attorney, certify that, on May 27, 2022, the foregoing was filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                */s/ John C. Ellis*